IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-953 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | ECF No. 1 |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Jay Williams ("Plaintiff") is an inmate at the Henderson County Jail in Athens, Texas. Plaintiff is a frequent filer of federal lawsuits in the United States District Court for the Eastern District of Texas. See, e.g., Williams v. Botie Hillhouse, No. 6:23-CV-00301, 2023 WL 5158070, at *2 (E.D. Tex. June 28, 2023), report and recommendation adopted sub nom. Williams v. Hillhouse, 2023 WL 5153524 (E.D. Tex. Aug. 10, 2023) (collecting cases). Plaintiff has acquired three strikes under the meaning of 28 U.S.C. § 1915(g). Williams v. United States Court, No. 6:23-CV-355 (E.D. Tex. Aug 1, 2023), ECF No. 4 at 3-4.

On June 21, 2024, this Court received a Complaint for Violation of Civil Rights (the "Complaint"), which was filed without filing fee or motion for leave to proceed *in forma pauperis*. The Complaint ostensibly was filed on behalf of "Erin Dennis," who appears to be Plaintiff's daughter, and upon whose behalf Plaintiff has attempted to prosecute multiple lawsuits in the past. See, e.g., Botie Hillhouse, 2023 WL 5158070, at *2 ("Thus, any claims brought on behalf of his daughter, Erin Dennis, including his allegations regarding lack of medical attention and knowledge regarding an affidavit, cannot be asserted by Mr. Williams as a representative in this action.").

The Complaint also names a host of additional putative plaintiffs – including Plaintiff himself explicitly. ECF No. 1 at 3. Several of these putative plaintiffs are listed as "deceased," or "address unknown." Id.

The Complaint ostensibly is signed by Erin Dennis. Id. at 11. However, the Complaint is handwritten on this Court's form, and the handwriting appears to be identical to that on the complaint filed with this Court on the same day by Plaintiff in Williams of Department of Justice, No. 24-966.[1] Further, the envelope in which the Complaint was mailed bears Plaintiff's name, jail address, and jail identification number as the return address. ECF No. 1-1 at 1. Additionally, the handwriting and signature also appear similar to that on filings submitted by Plaintiff in his cases in the Eastern District of Texas. See, e.g., United States Court, No. 6:23-CV-355, ECF No. 1 at 2; ECF No. 6 at 2-13.[2]

Except as stated above, every indication weighs in favor of the conclusion that Plaintiff prepared the Complaint himself. There is no suggestion that anyone named therein except Plaintiff even is aware of its existence. That said, out of an abundance of caution, this Memorandum Order will be mailed to all putative plaintiffs for which Plaintiff has provided contact information.

---

[1] Plaintiff signed the Complaint in No. 24-966 as "Jordan Williams," but included his own jail identification number in the signature block, the return address of the envelope, and the field for the first named plaintiff. No, 24-96, ECF No. 1 at 2, 3, and 12; ECF No. 1-1 at 1.

[2] This Court is aware that Plaintiff has been "repeatedly warned of the frivolous nature of his allegations[.]" United States Court, No. 6:23-CV-355, ECF No. 4 at 3. However, the undersigned adds her own admonishment to whatever prior warning Plaintiff has received that his *pro se* status does not shield him from sanctions under Rule 11 of the Federal Rules of Civil Procedure. Podlucky v. United States, No. 23-CV-1899, 2024 WL 553966, at *3 (W.D. Pa. Jan. 12, 2024), report and recommendation adopted, 2024 WL 1641028 (W.D. Pa. Apr. 16, 2024).

2

These irregularities need not be addressed here because it is clear from the face of the Complaint that venue is not proper in this Court.

Plaintiff sues the Department of Justice – an agency of the United States – as the sole Defendant. ECF No. 1 at 2. Pursuant to the applicable venue statute:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Here, no party is alleged to reside in the Western District of Pennsylvania, and no wrong giving rise to the Complaint is alleged to have occurred in the Western District of Pennsylvania. ECF No.1 at 5-6 (alleging that Erin Dennis was kidnapped on December 14, 2021 in Murchison, Texas); id. at 2-3 (listing addresses of the putative parties). While it is unclear why Plaintiff chose to bring this case in the Western District of Pennsylvania, it is apparent that venue is improper in this Court.

In the event that a case is filed in an incorrect district, the district courts are permitted to transfer it to the district where venue would be proper. 28 U.S.C. § 1406(a). Non-precedential opinions from the United States Court of Appeals for the Third Circuit are somewhat divergent regarding the ability of district courts to transfer venue *sua sponte*. See, e.g., Decker v. Dyson, 165 F. App'x. 951, 954 n.3 (3d Cir. 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or *sua sponte*, may transfer a case to a court of proper jurisdiction when such a transfer is

3

in the interest of justice"). See also Lafferty v. St. Riel, 495 F.3d 72, 75 and n.3 (3d Cir. 2007), as amended (July 19, 2007), as amended (Nov. 23, 2007) ("The decision to transfer [*sua sponte*] under § 1406(a) thus turns on a question of fact, subject to the District Court's discretion. We do not disturb it here."). Cf. Fiorani v. Chrysler Grp., 510 F. App'x 109, 111 (3d Cir. 2013) (holding that a district court's *sua sponte* dismissal for lack of venue was erroneous because it should have considered transfer under § 1406(a)). But see Henderson v. Keisling, 341 F. App'x 769 (3d Cir. 2009) (vacating district court's *sua sponte* transfer for improper venue). This Court has raised the issue of venue *sua sponte*. See, e.g., Nation of Islam v. Pennsylvania Dep't of Corr., No.. 12-CV-82, 2012 WL 529546, at *2 (W.D. Pa. Feb. 1, 2012), report and recommendation adopted 2012 WL 529238 (W.D. Pa. Feb. 17, 2012).

Having considered all of the factors governing venue, see, e.g., Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (setting forth the factors to consider for transferring venue in the context of 28 U.S.C. § 1404), the undersigned determines that the interests of justice support transferring this case to the United States District Court for the Eastern District of Texas. This is because Henderson County – the county in which Murchison (the place of the alleged wrong) and Athens (the location of Plaintiff's incarceration) – is within the confines of that district. 28 U.S.C. § 124(c). The undersigned also notes that district's familiarity with Plaintiff's history, and is confident that it will adjudicate the instant matter appropriately.

Based upon the foregoing, IT IS HEREBY ORDERED that the Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Texas.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: July 10, 2024

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Jay Williams
2300216
Henderson County Jail
P.O. Box 2601
Athens, TX 75751


Erin Dennis
2101270
Henderson County Jail
206 N. Murchison
Athens, TX 75751


Daniel Dennis
2101271
Henderson County Jail
P.O. Box 2601
Athens, TX 75751

Amy Williams
1839 Chapel Hill Rd.
Utica, MS 39175


Jordan Williams
1839 Chapel Hill Rd.
Utica, MS 39175


Carole Williams
8440 FM 314
Ben Wheeler, TX 75754


Tim Williams
8440 FM 314
Ben Wheeler, TX 75754


Sherrie Williams
8440 FM 314
Ben Wheeler, TX 75754


Faith Community Baptist Church
6887 SH 198
Mabank, TX 75156